## WILBUR FISK *vs.* GILBERT WAIT.
## GEORGE FISK *vs.* SAME.

A and his minor son B. were in the vestibule of their house preparing to set off fireworks while a procession was passing, when C. fired a rocket, from his house opposite, which struck and injured B. Many rockets and other fireworks were set off by other persons while the procession was passing the house. *Held,* in an action against C. for the injury as caused by his negligence, that the question whether A. and B. were careless in being in the vestibule was for the jury. *Held, also,* that evidence, offered by C., that he and A. were members of a club, which got up the procession and published notices calling on citizens to decorate and illuminate their houses along its route, but not mentioning fireworks; that they both decorated and illuminated their houses, in aid of the object of the procession and in pursuance of the call; that C. fired the rocket as a part of his illumination; and that no one had license to set off fireworks on the occasion; was immaterial.

TWO ACTIONS OF TORT ; the first, for injuries occasioned to an infant by the negligent firing of a rocket by the defendant; the second, by the infant's father, for a loss of his child's services by reason of said injuries, and for the expenses of causing him to be attended by a surgeon. The principal injury alleged was the loss of one of the child's eyes.

At the trial of the actions together, in the superior court, be·fore *Reed,* J., the plaintiffs introduced evidence tending to show that in the autumn of 1868 they were in the vestibule of said George Fisk's house, and were proceeding to discharge a kind of fireworks called Roman candles, while a torchlight procession, "which was gotten up and carried on by Grant Club No. 1 of South Boston," was passing by the house; that the vestibule was closed, towards the street, by a storm door with glass panels; and that the father was holding the Roman candles in his hand, and the child was holding a taper at which to light them, when a rocket, fired by the defendant from his house on the other side of the street, broke through one of the panels of the door and struck the child and injured him. There was also evidence tending to show that, while the procession was passing the houses of the plaintiffs and the defendant, many rockets and different kinds of fireworks were discharged by other persons.

The defendant, for the purpose of proving that he and the plaintiffs " were engaged in a common enterprise, without right,"

and so the plaintiffs could not recover, offered evidence tending to show " that he and George Fisk were both members of said Grant Club No. 1 of South Boston, and both contributed money to defray its general expenses ; that, under the direction of said club advertisements were published in the newspapers, and printed notices distributed along the route of the procession, calling on the citizens to appropriately decorate and illuminate their premises, nothing being said therein about fireworks ; that, in pursuance of said call, and to aid in giving effect and encouragement to the object of the procession, George Fisk and the defendant did decorate and illuminate their premises; that the defendant also illuminated his premises by various fireworks, including some rockets, which he fired from the top of his piazza from his hand ; and that neither the plaintiffs nor the defendant, nor any person, had a license to discharge fireworks on the occasion." But the judge excluded the evidence.

The defendant also asked the judge to instruct the jury that the voluntary presence of the plaintiffs in the vestibule of the house, for the purpose of aiding in the object of the procession, was carelessness which would prevent a recovery by the plaintiffs. The judge refused so to instruct the jury, but instructed them, in connection with instructions not excepted to, that the carelessness of the plaintiffs was a question of fact for them to pass upon.

The jury found for the plaintiffs, with damages in the first case of $2000, and in the second case of $200 ; and the defendant alleged exceptions.

*B. Dean,* for the defendant.

*G. A. Somerby,* for the plaintiffs.

BY THE COURT. The evidence offered by the defendant was properly rejected, because it was immaterial; and the instructions to the jury were correct. Nothing appears in the case which tends to show any concurrence of either of the plaintiffs in the unlawful act of the defendant which caused the injury or any negligence in respect to it. *Exceptions overruled.*