Dowell v. Guthrie.

DOWELL, *Appellant*, v. GUTHRIE *et al.*

1. **Negligence**: DISCHARGE OF FIREWORKS. The discharge of fireworks at suitable places, when not prohibited by statute or municipal regulations, cannot be said to be unlawful; but the circumstances may be such as to make it culpable negligence.

2. ———: ———. The discharge of fireworks from a veranda in front of the second story of the court house, in the center of a public square of a city, from troughs so arranged that the rockets would pass over the assembled people, who were there for the purpose of witnessing the display, is not, of itself, an unlawful or wrongful act.

3. ———: BURDEN OF PROOF. Where plaintiff's case is founded on negligence and not on an intentional injury, the burden is on him, throughout the trial, to prove it.

4. ———: DISCHARGE OF FIREWORKS: QUESTION FOR JURY. Whether the defendants, in an action for the negligent discharge of explosives, used that care in handling and discharging them which prudent persons would have done under like circumstance, is a conclusion to be drawn from a number of particular facts, and the question is one for the jury.

5. ——— ———: ———. It is improper for the court, in such case, to select out some of the leading facts and to declare, as a matter of law, that they constitute negligence.

6. ———: ———: INSTRUCTION. So an instruction for defendants is erroneous which tells the jury that the evidence, which showed the fireworks to be dangerous and to have been discharged by the defendants, and that plaintiff was injured thereby, would not alone authorize them to draw the inference of due care on the defendants' part.

7. ——: ——: ——. Where the evidence tended to show that a large quantity of the combustible material was placed on the floor of a narrow veranda, in the windows and in chairs, that the defendants, who had charge of the display, smoked cigars during the entire performance, and that loose candles were found on the floor on fire, it is improper to instruct the jury that, before finding for plaintiff, they must determine which particular act of negligence occasioned the unforeseen discharge of the rocket which caused the injury.

8. Spectator: JOINT WRONG-DOER: CONTRIBUTORY NEGLIGENCE. The mere presence of plaintiff at the display, as a spectator, it appearing that he had nothing whatever to do with the discharge of the fireworks, does not make him a joint wrong-doer or guilty of contributory negligence,

*Appeal from Pike Circuit Court.* — HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*George Robertson* and *H. S. Priest* for appellant.

(1) The defendants were in charge of fireworks with which they were giving a pyrotechnic display, were in the heart of a populous part of the city, and the streets immediately surrounding them were thronged with men, women and children. The law, therefore, out of its regard for human life and safety, demanded great care of them. They were bound to exercise more than ordinary care. Whitaker's Smith on Neg. 231 *et seq.;* Thompson on Neg., pp. 238-248 ; *Scott v. Shepherd,* 2 W. Bl. 892 ; *Bullock v. Babcock,* 3 Wend. 391 ; *Morgan v. Cox,* 22 Mo. 374 ; *Conway v. Reed,* 66 Mo. 348 ; *Lowry v. Manhattan Co.,* 99 N. Y. 158 ; *King v. Ford,* 1 Stark. 421 ; Cooley on Torts [2 Ed.] 705, star p. 594, and authorities there cited. (*a*) The care which persons are bound to take, in order to avoid injury to others, is proportionate to the probability of injury that may arise to others. He who does what is more than ordinarily dangerous is bound to use more than ordinary

Dowell v. Guthrie.

care. *Morgan v. Cox*, *supra*, and authorities, *supra;* *Castle v. Duryea*, 32 Barb. 480. (2) The plaintiff was injured by a sky rocket that was under the control of and in charge of defendants. From this fact negligence of the defendants will be presumed. Whitaker's Smith on Neg., p. 420; *Railroad v. Anderson*, 39 Am. Rep. 787; *Breen v. Railroad*, 4 Am. State Rep. 450; *Dougherty v. Railroad*, 9 Mo. App. 478; *Morgan v. Cox*, *supra;* 2 Thompson on Neg., p. 1220 and notes. (a) This fact makes a *prima facie* case for plaintiff and the burden is shifted upon the defendants, who must then excuse themselves to avoid liability. Authorities last cited; Thompson on Neg. 1235, sec. 8; *Tally v. Ayers*, 3 Sneed (Tenn.) 677. Instructions numbered 1, 2 and 4, given on the part of defendant, are, therefore, erroneous, and instructions numbered 2 and 8, asked by plaintiff, should have been given. (b) The defendants are bound to show such circumstances as will make it appear to the court that the injury done to the plaintiff was inevitable, and that they were not chargeable with any negligence, "for no man should be excused of a trespass unless it may be adjudged utterly without his fault." *Morgan v. Cox*, *supra*. The plaintiff proved that the defendants went upon the veranda, and placed upon it, in near proximity to the projectiles they were firing, boxes, bundles and packages of fireworks; that the fire from the exploded rockets was thrown back on the veranda near to the fireworks so placed there by defendants and handled by them; that defendants carried lighted cigars while handling the combustibles— smoked all the time; that about the time plaintiff was injured an explosion of the fireworks, upon the veranda, occurred. This was also the evidence of defendants, and these facts stand undisputed in the case. The court should have declared that these facts constitute negligence on the part of the defendants, because the selection of the center of a promiscuous crowd to shoot

off fireworks was negligence *per se*. *Jenne v. Sutton*, 43 N. J. L. 257; *Conklin v. Thompson*, 29 Barb. 218. (*a*) Because, these facts showed a want of ordinary care on the part of defendants. *Durant v. Palmer*, 29 N. J. L. 546; *Vaugh v. Scade*, 30 Mo. 601. (*b*) Because these facts disclose that lack of diligence and effort upon the part of defendants which was exacted of them by their surroundings. 2 Thompson on Neg. 1223, note 6; *Morgan v. Cox, supra*. (*c*) Because these facts disclose a state of conduct on the part of defendants that shocks the common mind as being wholly inconsistent with that of persons of ordinary prudence. 2 Thompson on Neg. 1238, note 12; Cooley on Torts, [2 Ed.] 801–804, star p. 670. (*d*) Because the conclusion to be drawn from such facts is inevitable. 2 Thompson on Neg. 1236, note 11; Cooley on Torts [2 Ed.] 804, star p. 670. (*e*) Because all reasonable men would agree that these facts disclose an absolute want of care commensurate to the undertaking. Cooley [2 Ed.] 804. (*f*) Where the facts are clear and undisputed it is the duty of the court to declare the inference from these facts. *Fletcher v. Railroad*, 64 Mo. 484; *Mauerman v. Seimerts*, 70 Mo. 101; *Bell v. Railroad*, 72 Mo. 50; *Henry v. St. Louis, etc.*, 76 Mo. 288. Where negligence is clearly defined and palpable, such that no verdict of a jury could make it otherwise, it should be decided by the judge as a matter of law. Thompson on Trials, secs. 1674 and 1673. The court, therefore, erred in refusing instructions numbered 1, 2, 3, 6 and 7 asked by plaintiff. (4) There is no question of contributory negligence in this case. It was not negligence for the plaintiff to remain in sight of the fireworks display. There was no evidence to show that plaintiff had anything to do with the display. He did not contribute to the expense of buying the same and was not aware that any such display would take place till it was commenced. He had a right to proceed to the performance

of his part of the occasion, relying upon the belief that the defendants would exercise that care proper under the circumstances, and such as would be reasonably expected from men of ordinary prudence and forethought. Whitaker's Smith on Neg. 419. (5) The court erred in refusing to direct the jury to retire and fix the amount of plaintiff's damage at his request. Thompson on Trials, sec. 2685; *Jones v. Foster*, 67 Wis. 296; *Wyandotte v. Gibson*, 25 Kan. 236. Because, then under the special verdict, plaintiff would have been entitled to a verdict, and to have the general verdict in favor of defendants set aside. (6) The court erred in using the word "accidents" and "accident" in defendants' instructions 3 and 4 without defining an accident in law. The court erred also in refusing instruction number 4 asked by plaintiff, defining an accident in law. An accident in law is an event happening unexpectedly and without the fault of persons. *Leame v. Bray*, 3 East, 593; Cooley on Torts [2 Ed.] 92, star p. 80.

*G. B. Macfarlane* for respondents.

(1) If plaintiff and defendants were engaged in a lawful enterprise, then each owed to the other only the duty of exercising such care and taking such precaution as would have been taken by persons of ordinary prudence and forethought under all the circumstances. Whitaker's Smith on Negligence, 45; *Richards v. Sperry*, 2 Wis. 165; *Frick v. Railroad*, 5 Mo. App. 441; Wharton on Negligence, sec. 1, notes; *Railroad v. Jones*, 95 U. S. 441; Whitaker's Smith on Negligence, 22, notes; 17 Cen. Law Journ. 261. (2) If plaintiff and defendants were engaged in an unlawful enterprise, defendants are not liable to plaintiff for negligence in carrying it out. Cooley on Torts, 151; 1 Hilliard on Torts, 172, sec. 24; *Sumner v. Summers*, 54 Mo. 340; *Hamilton v. Marks*, 25 Mo. 165; *Hall v. Corcoran*,

107 Mass. 253; *Wert v. Potts*, 41 N. W. Rep. 374. (3) Explosion of fireworks in the streets was a nuisance and unlawful. Wood on Nuisances, 61, sec. 54; *Conklin v. Thompson*, 29 Barb. 219; *Jenne v. Sutton*, 43 N. J. Law, 257. All persons participating in the celebration, however remotely, were parties to the unlawful explosion of the fireworks. *Jenne v. Sutton*, 43 N. J. Law, 257; Cooley on Torts, 127.

BLACK, J.—This is a suit for damages brought by the plaintiff against the four defendants who had charge of and gave a pyrotechnic display in the city of Mexico on the night of the eleventh of November, 1884. The plaintiff was hit in the face by a sky rocket which broke his cheek bone and destroyed one eye. There was a verdict and judgment for defendants, to reverse which the plaintiff prosecutes this appeal.

The petition states that defendants negligently selected the veranda of the court house for the purpose of giving the display; and that they so carelessly and negligently handled and shot off the fire works, and permitted the same to be so negligently handled and shot off, that the plaintiff was struck by a sky rocket in the charge of and under their control.

From the record it appears various citizens of the city of Mexico concluded to celebrate the result of the presidential election of 1884. The programme adopted consisted of speaking, marching of political clubs, and a display of fireworks. The plaintiff, in company with his club, went to Mexico in the afternoon for the purpose of participating, and at night marched in the procession. He did not contribute to the purchase of the fireworks, and took no hand in the execution of that part of the programme; but he learned from a companion while on the way that there was to be such a display; and there is evidence from which it may be inferred that he had such knowledge before he started.

Dowell v. Guthrie.

The defendants constituted a committee to take charge of the fireworks, and they selected the east veranda of the court house as the place from which to make the display. The veranda is eight feet wide, fifty feet long, and is reached by passing through windows from the second story. The court house is on the public square in the center of the business portion of the city. The square is surrounded by streets, and there are buildings from one or two blocks to the east, beyond which there is an open country and it was in this direction that the rockets were directed when fired from the troughs placed on the veranda. The rockets contained from an eighth to a half pound of powder, and would shoot with great speed, almost that of a gun. It is estimated that eight or ten thousand persons were present on the occasion in question.

The defendants stored the fireworks in a room in the second story of the court house, and took them out on the veranda from time to time as needed. They would take out at one time a bundle of large rockets, from two to four or five boxes of darts or small rockets, and a quantity of Roman candles. The candles were placed in chairs and in the windows, and the darts, or small rockets, were kept in the boxes, but were placed on the floor next the wall of the building. The rockets, when fired from the troughs, threw back sparks of fire on the floor, covering a circle of two, three or four feet. One witness says: "I will not say they did not go back as far as the wall of the court house, nor to the fireworks that were on the floor." Towards the close of the exhibition, a bunch of candles were discovered on fire on the floor of the veranda, whirling around and throwing out balls of fire in every direction; these balls of fire came in contact with the rockets and darts, causing a conflagration, and the defendants retreated into the court house. Several witnesses say they saw the sky rocket which hit the plaintiff leave the veranda just as they

saw the blaze begin at that place. The plaintiff was on the street and about two hundred feet from the court house when hit. The defendants used lighted cigars to ignite the fireworks and nothing else.

The evidence of the defendants tended to show that the unexploded fireworks were placed away from the ends of the troughs. They do not know how the candles got on the floor, nor how they were ignited. Some other persons were on the veranda against the orders of the defendants, and some were there or in the windows by their consent.

1. The first question presented is, whether the display of these fireworks was of itself an unlawful act. In *Conklin v. Thompson*, 29 Barb. 218, a boy on the Fourth of July exploded a fire-cracker under the plaintiff's horse, while he was traveling upon the streets in a city, whereby the horse was frightened and died. The act, it is said, was wrongful, and the party committing it assumed the responsibility of all the bad consequences which ensued. In *Jenne v. Sutton*, 43 N. J. L. 257, the plaintiff was hurt by the explosion of a bomb fired in the street of a city to signal the meeting of a political club; and it was said that the use of a street for such a purpose was illegal, and *per se* constituted a public nuisance, and that all persons concerned in doing the act, or who caused it to be done, were liable for all damages proximately resulting therefrom. Judge COOLEY, in his treatise on torts, citing these and other authorities, lays down the law in these words: "When one makes use of loaded weapons, he is responsible only as he might be for any negligent handling of dangerous machinery, that is to say, for a care proportionate to the danger of injury from it. The firing of guns for sport or exercise is not unlawful, if suitable place is chosen for the purpose; but in the streets of a city, or in any place where many persons are congregated, it might be negligence in itself." Cooley on Torts [2 Ed.] 705.

The discharge of fireworks at suitable places, when not prohibited by statute or municipal regulations, cannot be said to be unlawful; but the circumstances may be such as to make the act of discharging an explosive culpable negligence. In this case, these facts are clear and undisputed: The fireworks were not displayed in the streets, but from the court house in the center of the public square. The defendants so arranged the troughs that the rockets would pass over the assembled people. The persons assembled, the plaintiff included, were there for the very purpose of witnessing this display. Under these circumstances it cannot be said that shooting off the fireworks was in and of itself an unlawful or wrongful act. The case is quite unlike those which have been cited from 29 Barb. and 43 N. J. L.

2. The plaintiff's eighth refused instruction in substance states that, if plaintiff was struck with a sky rocket, fired off by the explosion of rockets, darts and candles in the control of the defendants, then it devolves upon the defendants to show how such explosion occurred; that it occurred through no act of theirs; and that no precaution on their part would have prevented it, and, unless the defendants do so show, the verdict must be for the plaintiff.

In support of this instruction we are cited to *Morgan v. Cox*, 22 Mo. 373, and *Conway v. Reed*, 66 Mo. 46. The first was a suit for negligent shooting of the plaintiff's slave, and the only question in the case was as to the fact of negligence. The court, after disposing of the case on that ground, which affirmed the judgment, goes on to say that the facts of the case would have supported an action of trespass *vi et armis;* and that in all such cases, when the injury is proved to be inflicted by the defendant, the case is made out, and the defendant must show that the injury done was inevitable. The other case was one for the alleged unlawful and

wrongful shooting of the plaintiff, and it was then said: "This action, as far as appears from the petition, is for an intentional trespass, and when the injury is proved to have been inflicted by defendant, and nothing more, the case is made out, and the defendant must prove that he was not chargeable with negligence as an exoneration."

There are cases where the evidence which shows an injury inflicted by the defendant is sufficient of itself to make out a case entitling the plaintiff to go to the jury; but it cannot be said the burden of proof is on the defendant in *all* cases of trespass *vi et armis*, when the injury is shown to have been inflicted by the defendant. Speaking of a battery, Greenleaf says: "And here also the plaintiff must come prepared with evidence to show, either that the *intention* was unlawful, or that the defendant was *in fault;* for, if the injury was unavoidable, and the conduct of the defendant was free from blame, he will not be liable." 2 Greenl. Ev., sec. 85. This statement of the law is approved in *Paxton v. Boyer*, 67 Ill. 132, and in *Brown v. Kendall*, 6 Cush. 292. The case last cited was an action of trespass for an assault and battery. The defendant, with a stick, attempted to separate two dogs that were fighting, and, in raising the stick over his shoulder, he accidentally hit the plaintiff in the eye, inflicting a severe injury. SHAW, C. J., speaking for the court, said: "If the act of hitting the plaintiff was unintentional, on the part of the defendant, and done in the doing of a lawful act, then the defendant was not liable, unless it was done in the want of exercise of due care, adapted to the exigency of the case, and, therefore, such want of due care became part of the plaintiff's case, and the burden of proof was on the plaintiff to establish it." Where the injury is unintentional and is inflicted in the doing of a lawful act, there can be no recovery either in trespass, or trespass on the case, except by

Dowell v. Guthrie.

showing negligence on the part of the defendant; and the burden of proof, in either form of action in such a case, is upon the plaintiff. The question whether the injury was direct and immediate, or consequential, is one which affects the form of the pleading, but not the burden of proof. *Morris v. Platt*, 32 Conn. 75.

Under our practice act the petition simply states the facts constituting the cause of action, but this does not, of course, alter the rules of evidence. In the present case the plaintiff's own evidence shows that the defendants were engaged in a lawful business; and it shows beyond all question that the injury was accidental, that is to say, it was unintentional, and to make the defendants liable it must appear that they failed to use due care in handling the explosives. The plaintiffs' case, both on the pleadings and on his evidence, is founded on negligence, and the burden of proof is upon him, throughout the trial, to prove it.

3. In other of plaintiff's refused instructions, he selects out some of the leading facts, and asks the court to declare, as a matter of law, that such facts constitute negligence. In giving such an instruction, all the other evidence must be viewed in its most favorable light for defendants; and it must appear, in spite of the other evidence thus viewed, that the defendants were negligent, and the inference of negligence must be a necessary one, and there must be no room for a difference of opinion among fair-minded persons. Applying this rule, the instructions of the character before named were properly refused.

Persons who take upon themselves the business of exploding fireworks must exercise great care. The care must be proportioned to the dangerous character of the explosives used and the danger to be apprehended from the use of them. The real question in this case is whether the defendants used that care in handling and discharging the explosives that cautious and prudent

persons would have used under like circumstances. While there is an abundance of evidence tending to show the want of such care, still the conclusion must be drawn from a mass of details, and the question is one for the jury to decide.

4.  The first instruction given on behalf of the defendants, after reciting a number of immaterial matters, proceeds to say:  "Then the mere facts that said fireworks were discharged by the defendants, and that they were of a dangerous character, and that plaintiff was injured thereby, are not sufficient to entitle plaintiff to recover, but he must go further and show to the reasonable satisfaction of the jury that defendants were guilty of that want of care inconsistent with the handling of the goods they had charge of, and plaintiff's injuries resulted therefrom."

Abbott, in his treatise on trial evidence, at page 584, with the citation of a number of cases, says:  "It is enough for the plaintiff to raise a fair presumption of negligence.  Probability is sufficient to go to the jury. If defendant had charge or control of the instrument of disaster, and if it was highly dangerous, or if he owed a special duty of care of one in the position of plaintiff, the disaster is evidence of negligence, sufficient to go to the jury, unless the circumstances indicate some cause consistent with due care on defendant's part."  The defendants in this case had charge of instruments which were highly dangerous, and the evidence which disclosed the disaster was of itself sufficient to entitle the plaintiff to go to the jury.  It may be true, in an abstract sense, that the facts stated in the instruction would not authorize a verdict for the plaintiff; but the jury must have understood the instruction to mean that the evidence which showed that the fireworks were dangerous and were discharged by defendants, and that plaintiff was injured thereby, would not alone authorize them to draw the inference of want of due care.  We

are of the opinion such facts would have entitled the plaintiff to go to the jury. The instruction should be refused.

The court, at the request of the defendants, gave the following instruction: "2. The court instructs the jury that they cannot lawfully resort to guess or conjecture in determining what caused the sky rocket to be ignited and discharged in the direction of the plaintiff, and, unless the evidence proves to the reasonable satisfaction of the jury what caused it to be so ignited and discharged, and that such cause was the result of negligence or carelessness on the part of the defendants, the plaintiff cannot recover any damages."

The evidence tends to show that a large quantity of the combustible material was placed on the floor of the narrow veranda, in the windows and in chairs; that defendants smoked cigars during the entire performance; and that loose candles were found on the floor on fire. The jury might well infer that defendants were negligent in all of these respects, and that some one of these negligent acts caused the explosion, without being able to point out which one it was. It was not necessary to a verdict for the plaintiff that the jury should settle in their minds which particular negligent act caused the conflagration. It is enough to know that the rocket which caused the injury was put in motion by reason of the carelessness of the defendants in handling or shooting off the fireworks. Under the circumstances of this case, this instruction is not a fair presentation of the law. The defendants' fourth instruction is of a like character, and should be refused.

There seems to have been an effort on the part of the plaintiff to get the court to direct a verdict for him, and, on the other hand, the defendants endeavored to procure a verdict by cutting the evidence up into pieces. We do not approve of either theory. It is unnecessary to review the instructions in detail. We have said

enough to show upon what theory the case should be tried.

5.   There is no evidence showing or tending to show that the plaintiff was a joint wrong-doer.   He took no part in, and had nothing to do with, the display of the fireworks.   The fact that he was present at the display does not show, nor does it tend to show, contributory negligence.   *Fisk v. Wait,* 104 Mass. 71; *Bradley v. Andrews,* 51 Vt. 530.   The judgment is reversed and the cause remanded.   All concur; BARCLAY, J., in the result.