DOWELL, *Appellant*, v. GUTHRIE *et al.*

In Banc, June 19, 1893.

1. **Negligence**: BURDEN OF PROOF.    One seeking to recover for personal injuries received through the accidental discharge of fireworks occurring at a political celebration has the burden throughout of establishing negligence (*Dowell v. Guthrie,* 99 Mo. 653, affirmed).

2. ———: QUESTION FOR JURY.    Where in such case different minds might arrive at different conclusions on the question of defendant's negligence, such question is for the jury.

3. ———: BURDEN OF PROOF: INSTRUCTIONS.    An instruction that the defendants were under no obligation to show how and from what cause the explosion of the fireworks occurred, that the burden was on the plaintiff to show negligence and that a finding would not be authorized against defendants because of the failure of the evidence to show the particular cause of the explosion did not impose on the plaintiff the burden of showing such fact.

*Appeal from Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*George Robertson* and *H. S. Priest* for appellant.

(1) The defendants were in charge of fireworks with which they were giving a pyrotechnic display; were in the heart of a populous part of the city, and streets immediately surrounding them were thronged with men, women and children.    The law, therefore,

out of regard for human life and safety, demanded great care of them. They were bound to exercise more than ordinary care. Whitaker's Smith on Negligence, 231, *et seq.*; Thompson on Negligence, pp. 238-248; *Scott v. Shepherd*, 2 W. Bl. 892; *Bullock v. Babcock*, 3 Wend. 391; *Morgan v. Cox*, 22 Mo. 374; *Conway v. Reed*, 66 Mo. 348; *Lowry v. Manhattan & Co.*, 99 N. Y. 158; *King v. Ford*, 1 Stark, 421; Cooley on Torts [2 Ed.], 705, star p. 594 and authorities there cited. The care which persons are bound to take in order to avoid injury to others is proportionate to the probability of injury that may arise to others. He who does what is more than ordinarily dangerous is bound to use more than ordinary care. *Morgan v. Cox, supra;* and authorities, *supra; Castle v. Duryea*, 32 Barb. 480. (2) The plaintiff was injured by a sky-rocket that was under the control of and in charge of defendants. From this fact negligence of the defendants will be presumed. Whitaker's Smith on Negligence, p. 420; *Railway Co. v. Anderson*, 39 Am. Rep. 787; *Daughtery v. Railroad*, 9 Mo. App. 478; *Breen v. Railroad*, 4 Am. St. Rep. 450; *Morgan v. Cox, supra;* 2 Thompson on Negligence, p. 1220 and notes. (a) This fact makes a *prima facie* case for plaintiff and the burden is shifted upon the defendants who must then excuse themselves to avoid liability. Authorities last cited; Thompson on Negligence, 1235, sec. 8; *Tally v. Ayer*, 3 Sneed (Tenn.) 677. (b) Evidence of defendants' negligence need not be direct and positive. The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of defendants' and of resulting injury to himself. Having done this he is entitled to recover, unless the defendants produce evidence sufficient to rebut the presumption. *Rosenfield v. Arnold*, 44 Minn. 395; *Moon v. Goedel*, 34 N. Y. 527; *Summonton v. Loring*, 68 Me.

164; *Achtenhagen v. Watertown*, 18 Wis. 331; *Marlatt v. Levee & Co.*, 10 La. 583. And then the burden is cast upon the defendants to show that they were not guilty of negligence for which they are charged. *Tradwell v. Whittier*, 80 Cal. 575; Reported in 14 Am. St. Rep. 175. (3) The plaintiff proved that the defendants went upon the veranda and placed upon it in near proximity to the projectiles they were firing, boxes, bundles and packages of fireworks; that the fire from the exploded rockets was thrown back on the veranda near to the fireworks so placed there by defendants and handled by them; that defendants carried lighted cigars while handling the combustibles, smoked all the time; that about the time plaintiff was injured an explosion of the fireworks upon veranda occurred. This was also the evidence of the defendants and these facts stand undisputed in the case. The court should have declared that these facts constitute negligence on the part of the defendants because the selection of the center of a promiscuous crowd to shoot off fireworks was negligence *per se.*, as well as placing explosives in near proximity to fire. *Jenne v. Sutton*, 43 N. J. L. 257; *Conklin v. Thompson*, 29 Barb. 218. (4) Instruction numbered six, given at defendants' request, is error. *First*, because it puts the burden on the plaintiff to show by what particular act the injury was caused, and *second*, because it destroys the plaintiff's *prima facie* case made by showing that he was injured by a rocket coming from and under the control of defendants. It is in effect the same instruction given at defendants' request in the former trial of this case and condemned by this court in the first appeal. (5) The proof in this case shows one of two things, either that the rocket which injured plaintiff was shot direct from the veranda of the court house into the crowd of people on Harper's corner or that it caught

fire from fire in the control of defendants and was thus shot into the crowd of people.

*Elijah Robinson* for respondents.

(1) On a former appeal it was expressly held that the display of fireworks, under the circumstances and in the manner detailed in evidence, was not unlawful. 99 Mo. 653. That being true, the defendants owed to plaintiff the duty of exercising such care as a prudent and cautious person would exercise under the same or similar circumstances. Whittaker's Smith on Negligence, 45; *Frick v. Railroad*, 5 Mo. App. 441; *Richards v. Sperry*, 2 Wis. 165; Wharton on Negligence, sec. 1 and note; Whittaker's Smith on Negligence, 22, note; *Railroad v. Jones*, 95 U. S. 441; 17 Central Law Journal, 251. The instructions given by the court at the instance of plaintiff present the case on this theory, and are certainly as favorable to him as the law would warrant, if not more so. (2) Plaintiff and defendants were participating a common enterprise; and, although engaged in the performance of different parts of the program, they were all working with a common purpose and to the same end. Each was, by his presence and acquiescence, if not by actual and positive word and deed, countenancing, encouraging and advising the acts of the other. Under such circumstances, plaintiff cannot recover without showing actual negligence on the part of the defendants. Cooley on Torts, 127; *Jenne v. Sutton*, 43 N. J. Law, 257. (3) The fact that the plaintiff was injured by the sky rocket under the control and in charge of the defendants, did not make a *prima facie* case and shift the burden of proof on to defendants, as contended by plaintiff in the first and second paragraphs of the second subdivision of his brief. See former opinion of this court in this case, 99 Mo. 653. *Losse*

*v. Buchahan,* 51 N. Y. 576, and cases there cited; *Tourtelott v. Rosebrook,* 11 Metcalf, 46; *Hinds v. Barton,* 25 N. Y. 544; *Cook v. Transportation Co.,* 1 Denio, 91; *Rockwood v. Wilson,* 11 Cush. 221; *Railroad v. Napheys,* 90 Penn. St. 135; *Nitro-glycerine Case,* 15 Wallace, 524; 2 Thompson on Negligence, 1227; *Marshall v. Wellwood,* 38 N. J. Law, 339. (4) Where the judgment of sensible men would arrive at different conclusions on the question of negligence, it is a matter for the consideration of the jury. *Bolen v. Kansas City,* 32 Mo. App. 8; *Corrister v. Railroad,* 25 Mo. App. 619; *Hume v. Railroad,* 92 Mo. 440; *Tabler. v. Railroad,* 93 Mo. 79; *Barry v. Railroad,* 98 Mo. 62; *Kinney v. Springfield,* 35 Mo. App. 97; *Ball v. Independence,* 44 Mo. App. 469.

BRACE, J.—On the evening of the eleventh of November, 1884, at a celebration of the political victory achieved by the Democratic party in the general election of that year, the plaintiff was struck and seriously injured by a sky-rocket accidentally discharged from the veranda of the court house in the city of Mexico; and this suit is brought against the defendants, who had charge of the pyrotechnic display on that occasion, to recover damages for the plaintiff's injuries. The case has been here before and is reported in 99 Mo. 653. The evidence upon the retrial was substantially the same as before and the case need not be re-stated at length. The jury again found for the defendants and the plaintiff appeals.

The main issue was presented to the jury by the following instructions given for the plaintiff.

"1. The court instructs the jury that a person who takes upon himself the business of exploding fireworks must exercise care, such care as is proportioned to the dangerous character of the explosives used and

the danger to be apprehended from the use of them, and the only question in this case is, whether the defendants used that care and caution in handling, managing and discharging the explosives that cautious and prudent persons would have used under the circumstances; and the court instructs the jury that from the facts that plaintiff was injured, that the defendants had control of and did handle and discharge the fireworks, and that they were dangerous in their character, and if the plaintiff was struck by a missile from their control, then the jury may infer that want of due care and caution on part of the defendants which they were bound to exercise in the discharge of their undertaking.

"And the court further instructs the jury that it is not incumbent upon the plaintiff to show by what particular negligent act the missile was set off that caused his injury; that it is not necessary to a verdict for the plaintiff that the jury should be able to settle in their minds what particular act caused the injury; that it is enough for the jury to believe from all the evidence in the case that the rocket which caused the injury was put in motion by reason of the want of due care and caution on the part of defendants or some of them or some one acting with them in the handling, managing and shooting off the fire works; and if the jury believe from the evidence in the case that the defendants or those jointly assisting them were remiss in the handling, managing and shooting off the said explosives, and that by reason thereof the plaintiff was struck and injured, then the defendants are liable and the jury will return a verdict in favor of plaintiff in the sum not to exceed, however, the amount of fifty thousand dollars.

"2. In determining whether the defendants were guilty of negligence in the keeping, management, con-

trol and discharge of the fireworks, the jury should take into consideration the facts (if you find from the evidence that they are facts), the highly explosive and easily ignited character of the fireworks, their capacity for injury, the danger to which they might be exposed by the intermeddling of boys and other people; that there were many people in the streets, court room and courthouse yard, and persons bearing torches in the yard of the court house and in the court room and that said torches would ignite and explode, and that bonfires were in close proximity to the place from which the fireworks were being exploded. That the fireworks were discharged and handled by the defendants with lighted cigars, and all other facts and circumstances given in evidence, and if you believe, from the evidence, that the defendants or either of them or any person who jointly undertook with the defendants the discharge of the fireworks were guilty of any negligence in discharging or handling said fireworks or in not properly guarding them from interference by outsiders or in not properly securing them from ignition by torches, borne about either by men or boys or from bonfires or rockets, darts or candles, handled or discharged by others, and that in consequence thereof plaintiff was injured, then your verdict must be for plaintiff, against all of the defendants.

"3 The court instructs the jury that it was the duty of the defendants and those assisting them in the discharge of the fireworks to increase their vigilance and watchfulness in protecting and guarding the fireworks, if they were highly combustible and explosive in the proportion that the sources of exposure to fire or ignition increased, and that if they did not do so they were negligent, and if plaintiff was injured in consequence thereof, then your verdict must be for the plaintiff.''

The court refused to give the following instructions asked for the plaintiff:

"9. The jury are instructed that if they believe from the evidence that the plaintiff was struck and injured by a sky-rocket propelled against him by reason of the explosion of sky-rockets, candles and darts in the possession and charge of the defendants, then he has established a *prima facie* right to recovery, and unless the defendants have overcome such *prima facie* case by proof that such explosion was not caused or occasioned by any act, omission or default upon their part or the part of any one aiding or assisting them in the control or charge of said fire works, then your verdict should be for plaintiff upon the issue as to the defendants' negligence.

"10. The court instructs the jury, that if you find from the evidence that the fireworks were dangerous and powerful projectiles that would shoot with great speed and force, and that they were discharged in close proximity to streets of the city of Mexico, and across said streets, and that said streets were at the time crowded with many persons, then you will find that the defendants were negligent in firing them off, and if the plaintiff was injured by reason thereof, then your verdict must be for the plaintiff.

"11. If the jury believe from the evidence that the plaintiff was struck with a sky-rocket fired off by the explosion of sky-rockets, darts and candles, in the control and charge of defendants, then the law casts upon the defendants the burden of proving that such explosion occurred through no fault or negligence of theirs, and unless they do so show, you may presume that the explosion was occasioned by their want of proper care."

And among others gave the following instruction for the defendants:

"6. The court instructs the jury that there is no obligation resting on defendants to prove to the jury how or by what cause the explosion of the fireworks occurred, but the burden rests on the plaintiff to prove to the reasonable satisfaction of the jury that such explosion resulted from negligence on the part of the defendants or some of them; and the jury are not authorized to find against the defendants because of the failure of the testimony to satisfy them as to how or by what the explosion was caused, if it does so fail to satisfy them."

The errors assigned are the giving of the sixth instruction for the defendant, and the refusal to give the ninth, tenth and eleventh for the plaintiff. The plaintiff by his exceptions to the action of the trial court in refusing to give these three instructions, again raises questions that were duly considered and ruled upon when the case was here before. In the opinion then delivered it was distinctly ruled that, "Where the injury is unintentional and is inflicted in the doing of a lawful act, there can be no recovery in trespass, or trespass on the case, except by showing negligence on the part of the defendant, and the burden of proof in either form of action in such a case is upon the plaintiff. The question whether the injury was direct or consequential is one which affects the form of the pleading, but not the burden of proof. *Morris v. Platt*, 32 Conn. 75. Under our practice act, the petition simply states the cause of action, but this does not, of course, alter the rules of evidence. In the present case the plaintiff's own evidence shows that the defendants were engaged in a lawful business; and it shows beyond all question that the injury was accidental; that is to say, it was unintentional, and to make the defendants liable it must appear that they failed to use due care in *handling the explosives*. The plaintiff's case, both

on the pleadings and on his evidence, is founded on negligence, and *the burden of proof is upon him throughout the trial to prove it.*"

In the instruction given for the plaintiff the degree of care incumbent upon the defendants, under the circumstances of the case, is very clearly and fairly defined. On the evidence in the case, different minds might arrive at different conclusions as to the means by which the sky-rocket was fired off which caused the injury, and as to whether the defendants in handling the explosives exercised that degree of care which ordinarily prudent persons would have exercised under the circumstances. The case was, therefore, a proper one for the jury on the issue of negligence, and the court committed no error in refusing the tenth instruction, which was, in effect, an instruction to find for the plaintiff; the facts therein hypothecated being undisputed, and from which the question of defendant's negligence is wholly eliminated.

In the face of the ruling of this court when the case was here before, the trial court could not have given the plaintiff's ninth and eleventh instructions, which shifted the burden of proof from the shoulders of the plaintiff to those of the defendants upon the only real issue in the case. So far as those instructions contained anything to which the plaintiff was entitled, it was given in other instructions in which the jury were told that want of proper care might be inferred from the injury to the plaintiff by one of the dangerous explosives under the control and management of the defendants.

The criticism on the sixth instruction given for the defendant is not well taken. It is impossible upon reading it to discover how it imposes upon the plaintiff the burden of proving by what particular act the injury was caused. Or how it can be said to be the same in

effect as the instruction for the defendant at the trial before, which was condemned by this court in its former decision. It was simply the converse of the proposition contained in the second paragraph of plaintiff's first instruction, drawn in conformity with the principles announced in that decision, and the two when read together could have had no other effect than to inform the jury that they were not precluded from finding a verdict either one way or the other, by reason of the fact that the evidence failed to satisfy them as to how the explosion happened.

This case has been tried in the court below in accordance with the law laid down by this court when the case was here before, and the judgment of the circuit court ought to be, and is, affirmed. All concur except MACFARLANE, J., not sitting.