MARY F. CROWLEY, Appellant, v. ROCHESTER FIREWORKS
COMPANY, Respondent.

NEGLIGENCE — DISPLAY OF FIREWORKS IN PARK OF CITY — QUESTION
OF FACT.   While a discharge of fireworks in a street of a densely popu-
lated city may constitute a nuisance *per se*, it is not necessarily illegal to
exhibit a display of fireworks in an open space like a park, where, if
conducted with care, no serious danger to persons or property is
involved; but negligence may be predicated on the manner of setting off
or the character of the fireworks used; and where a person watching such
an exhibition, in such a place, is struck by a falling rocket case which
felled her to the ground and caused severe injuries, in an action to
recover therefor, the question as to whether it is careful or legal in such
a display to hurl projectiles in the air of such weight and to such a
height as in their descent to fell to the ground persons on whom they
may alight, is for the jury.

*Crowley* v. *Rochester Fireworks Co.*, 95 App. Div. 13, reversed.

(Argued December 6, 1905; decided January 9, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered May
14, 1904, affirming a judgment in favor of defendant entered
upon a dismissal of the complaint by the court at a Trial
Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*J. Newton Fiero* and *John F. Brady* for appellant.   Plain-
tiff is entitled to recover under the complaint for the wrong-
ful act of the defendant by whatever name it may be called,
whether negligence, nuisance or trespass.   The defendant did a
wrongful act which injured plaintiff. (*Conaughty* v. *Nichols*,
42 N. Y. 83; *Rogers* v. *N. Y. & T. L. Co.*, 134 N. Y. 197;
*Wright* v. *Hooker*, 10 N. Y. 51; *Hemmingway* v. *Poucher*,
98 N. Y. 281; *Wright* v. *Wright*, 54 N. Y. 437; *Johnson*
v. *Girdwood*, 7 Misc. Rep. 651; *Sullivan* v. *Dunham*, 161
N. Y. 290.) The defendant was negligent in the manner of
firing the rockets. (*Colvin* v. *Peabody*, 155 Mass. 105.) The
rule *res ipsa loquitur* is applicable to the facts on the ques-

23

tion of negligence. (*Dowell* v. *Guthrie*, 99 Mo. 653 ; *Griffen* v. *Manice*, 166 N. Y. 188 ; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 165 N. Y. 347.) Defendant is liable on the ground that its acts constituted a nuisance, and hence it is responsible for the injury occasioned without reference to the degree of care used. (*Speir* v. *City of Brooklyn*, 139 N. Y. 6 ; *Jeune* v. *Sutton*, 43 N. J. L. 257 ; *Conklin* v. *Thompson*, 29 Barb. 218.)

*Peter A. Delaney* and *John Gutmann* for respondent. The cause of action set forth in the complaint herein is based solely upon the alleged negligence of the defendant. No recovery, therefore, could be had against defendant except on proof of negligence for which defendant was legally responsible. (*Roemer* v. *Striker*, 142 N. Y. 134 ; *Dickinson* v. *Mayor of N. Y.*, 92 N. Y. 584 ; *Fisher* v. *Rankin*, 25 Abb. [N. C.] 191 ; *Travell* v. *Bannerman*, 71 App. Div. 447 ; 174 N. Y. 47 ; *Donohue* v. *S., etc., Ry. Co.*, 11 App. Div. 525.) No negligence on the part of the defendant was shown. (Thomp. on Neg. [2d ed.] § 791 ; *Dowell* v. *Guthrie*, 99 Mo. 653 ; *Mullen* v. *St. John*, 57 N. Y. 567 ; *Stewart* v. *Ferguson*, 164 N. Y. 553 ; *Griffen* v. *Manice*, 166 N. Y. 347 ; *Travell* v. *Bannerman*, 174 N. Y. 52.) No liability rests upon the defendant in the absence of proof of negligence. (*Scanlon* v. *Wedger*, 156 Mass. 462 ; Thomp. on Neg. [2d ed.] § 791.) A public exhibition of fireworks is not necessarily a nuisance. (*Sebeck* v. *P. V. Verein*, 64 N. J. L. 624 ; *Spier* v. *City of Brooklyn*, 139 N. Y. 6 ; *Dowell* v. *Guthrie*, 99 Mo. 653 ; 116 Mo. 646.)

CULLEN, Ch. J. On the evening of July 4th, 1902, the plaintiff attended an exhibition of fireworks conducted by the defendant in Beaver park, in the city of Albany, under a contract with said city. She was standing in Eagle street, when she was struck in the head by the case of a rocket, to which a short piece of the stick was attached, and received injuries through which she lost the use of one eye. For

these injuries this action was brought. The case was picked up the next morning at the place where the plaintiff received her injuries, it was put in evidence on the trial and produced before us on the argument of the appeal. The rocket case is thirteen inches in length and weighs fifteen ounces. The stick is nearly six feet in length and five-eighths of an inch square. The broken piece which remained attached to the case is about a foot in length. A large number of people were witnessing the display of the fireworks, and rockets were discharged above the crowd. Beyond this fact there was no proof of any negligence in the manner of discharging the rockets, and there appears to have been no gust of wind to change their direction. The learned trial court held that from these facts no inference of negligence on the part of the defendant could be drawn, and, in accordance with that view, dismissed the complaint. The judgment entered on that dismissal was affirmed by the Appellate Division by a divided court.

It may well be that a discharge of fireworks in a city street, at least in a city densely populated, like the city of New York, constitutes a nuisance *per se*, but we are of opinion that it is not necessarily illegal to exhibit a display of fireworks in an open space like a park, where an exhibition, if conducted with care, involves no serious danger to persons or property. (Opinion of ANDREWS, Ch. J., *Speir* v. *City of Brooklyn*, 139 N. Y. 6.) The place where the exhibition of fireworks was had on the occasion of the plaintiff's injury seems to have been a proper one for the purpose. The defendant cannot, therefore, be held liable as the creator or maintainor of a public nuisance. Personally I am also inclined to doubt whether the plaintiff is in a position to raise the objection that the defendant's exhibition of fireworks was a nuisance, because, though she was injured on the street or highway, she was not using the same as a traveler, but was present for the purpose of witnessing the exhibition. (Thompson on Negligence, sec. 791.) Therefore, any recovery by the plaintiff for her injuries must be based on negligence, and the substantial

question in this case is whether there was any proof of such negligence on the part of the defendant. Both the learned courts below have held that the proof was insufficient to establish that fact. We are of a different opinion.

While the display of fireworks at the place and on the occasion mentioned was legal, it is clear that there might be negligence in the manner of setting off or discharging the fireworks. This is conceded, but it is contended there is no proof that the rocket by which the plaintiff was injured was discharged in a careless or improper manner. On this theory the decision of the courts below have proceeded. This argument, however, overlooks the fact that there may be negligence in the character of the fireworks used on a particular occasion as well as in the method of their discharge. The rocket case, the cause of the plaintiff's injury, weighed substantially a pound. On its fall it struck the plaintiff with sufficient force to fell her to the ground. In the ordinary course of its use the case is propelled to a considerable height, and when there its contents are discharged in the shape of brilliant and variously colored fire. As soon as the initial force through which it has been projected is spent the case falls to the ground. As is said in the brief of the learned counsel for the respondent in answer to the plaintiff's claim of *res ipsa loquitur,* " The stick and case of a rocket exploded high in the air must fall, so long as and wherever the law of gravitation is in force. The expected, not the unexpected, happened, and negligence cannot be predicated upon the happening of the inevitable." We think this argument proves too much. It relieves the appellant from any imputation of negligence in the manner of its discharge arising from the fall of the rocket case. It might also relieve it from all imputation of negligence if the counsel could convince us that there was some paramount necessity that rocket cases of the size of the one used on this occasion should be discharged, or that the defendant had the legal right to discharge such cases irrespective of their size and the height to which they ascended and regardless of their effect on the heads of the people on

whom they might fall.  We are not disposed to accept
either proposition.  Is there no limit to the weight of the
case the defendant might use?  Might it set off a rocket
the case of which weighed ten pounds or more?  It does
not appear in the evidence to what height a rocket will rise.
From our own observation we should think that at times
rockets ascend higher than the tallest structures we have in
cities.  If some one should drop from a fourth or fifth story
window the rocket case which caused the plaintiff's injury,
upon a traveler in a street, we think it clear it would be
a question of fact for the jury to determine whether the
party dropping it was not guilty of negligence.  The ques-
tion in this case is the same.  We do not mean to suggest
that in every case of an injury from a discharge of fireworks
the party discharging them would be liable.  Some spark or
small piece of burning paper or material may occasionally be
carried to a great distance, and by causing fire injure per-
sons and property.  Such a case would be exceptional, and
however much to be deplored would of itself not render
the party responsible for the damage.  There is oftentimes
some element of danger in the conduct of our lives, whether
in our sports or in our serious occupations.  The case before
us, however, is of a different character.  It may be true that
the severity of the plaintiff's injury is greater than would
ordinarily occur from the fall of the rocket case, but that such
fall was inherently dangerous is proved by the fact that she
was knocked down by the blow.  Therefore, on final analysis,
the question is reduced to this : Is it careful or legal, in a dis-
play of fireworks, to hurl projectiles in the air of such weight
and to such a height as in their descent to fell to the ground
persons on whom they may alight?  To say the least of this
we think it was a question of fact for the jury.  If rockets of
this size are to be used at all, it seems to us that they should
be used only at such places and under such circumstances as
to involve no reasonable chance of their falling on human
beings.  The present case is quite similar to that of *Colvin* v.
*Peabody* (155 Mass. 104), where it was held that the jury

might find the defendant liable for the discharge of mortars in too small an inclosure for perpendicular firing to be safe.

The judgment appealed from should be reversed and new trial granted, costs to abide the event.

· Gray, Bartlett, Haight and Vann, JJ., concur; O'Brien, J., dissents; Werner, J., not voting.

Judgment reversed, etc.