KATE BOLGER, Appellant, v. KANSAS CITY
MATERIAL COMPANY, Respondent.

Kansas City Court of Appeals, May 5, 1913.

1. **NEGLIGENCE: Blasting: Jury Question.** Where the customary number of holes drilled for blasting rock at a quarry, was from 2 to 7, and in the instance in controversy it was 11, and where in "springing" the holes for loading with explosives, it was noticed that the smoke would come out of the side of the ledge, showing the rock to have "seams" in it, and where the explosion following was of extraordinary destructive force, casting rock of great size horizontally a distance of 300 feet, some of the smaller rock striking and killing a workman—it was *held* that this was sufficient evidence of negligence to submit to a jury.

2. ——:. ——: ——: **Contributory Negligence: Jury.** Where, in protecting himself from a blast in a rock quarry one of the workmen got under a railway car 300 feet away, a place the men had customarily used for protection, it was *held* that it should not be said, as a matter of law, that he was guilty of contributory negligence.

3. ——: ——: ——: **Petition: Cause of Action: Statute of Jeofails.** Where a petition, though defective, states a cause of action, the statute of jeofails will cure its defects after verdict.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

REVERSED AND REMANDED (*with directions*).

*McCune, Harding, Brown & Murphy* for appellant.

(1) The instruction followed the petition and was not too general. Moore v. Railroad, 136 Mo. App. 214; Buckman v. Railroad, 100 Mo. App. 34. (2) Defendant cannot be heard to complain that instruction 2 is not specific enough, for two other reasons: First, all of its instructions were specific as to negligence; indeed, excluded all negligence except warning; second,

the defect, if any, amounted to nondirection, and even had defendant failed to ask for specific direction, it could not be heard to complain by reason of said failure, as it was its duty to do so. Rippetoe v. Railroad, 138 Mo. App. 407-8; Ashby v. Gravel Road Co., 111 Mo. App. 79; Rattan v. Railroad, 120 Mo. App. 270; Wilson v. Railroad, 142 S. W. 782; Browning v. Railroad, 124 Mo. 55.

*Hogsett & Boyle* for respondent.

Defendant's demurrer should have been sustained. The case should not have been submitted to the jury, for two reasons. (a) Because plaintiff failed to show any negligence on the part of defendant. Mihelich v. Mignery, 155 Mo. App. 325; Zeizenmeyer v. Lime & Cement Co., 113 Mo. App. 330.

ELLISON, J.—Defendant had an extensive rock quarry and had a number of men engaged in and about the premises, among whom was plaintiff's husband whose service was that of fireman of a stationary engine. On the 6th of October, 1911, he was killed by a rock thrown by a blast which had been set off by direction of those in charge of the blasting. She brought this action for damages and obtained a verdict for five thousand dollars. The trial court sustained defendant's motion for new trial and also the motion in arrest of judgment. Plaintiff thereupon appealed.

The reason given by the trial court for ordering the new trial was that defendant's demurrer to the evidence should have been sustained; and that error was committed in refusing defendant's instructions Nos. 3, 5, 6, 7 and 8; and that further error was committed in giving plaintiff's instruction No. 2. The first cause is not well assigned if there is any substantial evidence in plaintiff's favor on two questions, one as to defendant's negligence, and the other deceased's contributory negligence. It was shown that the usual blast was

prepared by drilling from two to seven holes to a proper depth, then the holes were "sprung" by enlarging the bottoms by light explosions, then filling them with explosives, connecting them by wire and firing from a battery. There was a blacksmith shop about three hundred feet from the ledge where the blasting was done; and at same distance, about twenty feet from the shop, a steel railroad car, with a V-shaped bottom, the small part going down to within ten inches of the track. The men were in the habit of eating their noon lunch at this shop and were also in the habit of taking refuge under this or some other car when a blast was announced as ready to be set off. In the instance which concerns this case, a blast of eleven holes was had, and when these holes were being "sprung" it was noticed that there were seams that came out to the edge or side surface of the ledge, which let the smoke out. Underneath the solid rock there was a stratum of softer or soapstone rock. When all was about ready, warning was sent by or through the foreman warning the men to get out of the shop as rock might fall upon and through it. The men, including deceased, then went to the car and got under it. Presently the explosion took place and it was characterized by some witnesses as the worst they had ever seen. It threw great quantities of rock in every direction, especially horizontally out from the face of the ledge. Some of these were stated to be as large as "a cooking stove," thrown three hundred feet. Some of them broke a steel car nearby; others broke a cement wall. One of the smaller ones in some way was thrown under the car where it struck and killed deceased.

Considering the nature of the substrata at the ledge, the seamy character of the ledge itself, as evidenced by the smoke coming out when the holes were being "sprung;" considering the increased number of holes, the character of the explosion itself and the extraordinary effect it had upon the surroundings—we

think it cannot be reasonably said that there was no substantial evidence of negligence on defendant's part. Nor can it be said, in any degree of reason, that, as a matter of law, this negligence was not the proximate cause of the injury.

So we are equally certain that the evidence was not such as to authorize a declaration that deceased was guilty of contributory negligence as a matter of law. It was a place where the men customarily went and defendant's foreman must necessarily have known it. More than that, it is a reasonable inference that he knew it in this instance, because, although he warned the men out of the shop, he did not suggest that they hunt some other place than the car.

Nor do we think there was any error in plaintiff's instruction No. 2. It does not assume that defendant was guilty of negligence. It looks as though that criticism could be made of the expression "caused by the failure," etc. But when connected with the remainder of the instruction it is apparent the jury was required to find there was a failure. All criticism could have been avoided by the added words "if any," or, "if there was a failure." As to the complaint of not defining negligence, we think it does. While that word is not used, yet its elements are stated properly. And as to the complaint that it was not confined to the negligence charged in the petition, we think that also not well founded. The instruction submits negligence in preparing or loading or discharging or executing the blast and that is practically the language of the petition. We think the instruction is supported by Dowell v. Guthrie, 116 Mo. 646; s. c., 99 Mo. 653. We do not think the authorities cited by defendant are applicable. The instruction does not submit the generality, that if the jury believe the defendant was guilty of negligence, without directing attention to acts or kinds of negligence relied upon. It requires that the negligence must be found in the things specified, viz., preparing,

loading or in discharging the blast. The evidence had shown the preparation made for receiving the explosives, the loading of them, the nature of the place, etc., etc. Certainly it would not be necessary in a case of this nature to require the jury to pass upon how many pounds of explosives should be used.

The court did not err in refusing defendant's instructions 3, 5, 6, 7 and 8. The first and last one made a mere warning to deceased that a blast was to be fired in time for him to have reached a place of safety, an absolute excuse or cure for all the negligence charged by plaintiff. Nos. 5, 6 and 7 declared, in terms, that the seams in the rock and an extraordinary number of holes blasted, had nothing to do with deceased's death. Manifestly these were all wrong. They destroyed plaintiff's case as a matter of law.

The remaining question is, did the petition state a cause of action? It is not worth while to ask at this stage of the case whether the petition was a model pleading. The only proper inquiry is, will it support a judgment? Is it sufficient after verdict? That it is, there can be no doubt. It charges that the position in which deceased took shelter would have been safe had defendant used due care in blasting. But, as plaintiff alleged, defendant negligently prepared, loaded and executed the blast, so that with the use of the explosives a large rock was thrown against deceased, defendant complains that it was not charged that deceased was at a point within danger from such blast; and that it did not charge a failure to warn deceased. If there is anything in such criticism, it is cured by the statute of jeofails. [Sec. 2119, R. S. 1909, and subd. 8 & 9.] But aside from this, we think defendant misconstrues the effect of what is charged in saying that the petition only charged negligence in throwing a rock a great distance to where deceased was. The evident intention was to charge negligence in preparing, loading and discharging the blast; and the record of the

trial itself shows it was so understood. [Knight v. Donnelly, 131 Mo. App. 152; McKinney v. Northcutt, 114 Mo. App. 146.]

What we have said covers the action of the court in sustaining the motion in arrest of judgment. We think the judgment should be reversed and the cause remanded with directions to reinstate the verdict and render judgment thereon. All concur.