THOMAS R. ROBINSON, RESPONDENT, v. UNEXCELLED
MANUFACTURING COMPANY, APPELLANT.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Charles E. Hendrickson.*

For the respondent, *Joseph H. Edgar.*

The opinion of the court was delivered by

BLACK, J.   The plaintiff was injured on June 26th, 1926.
while standing under the arch of the Victory Bridge, in the
city of Perth Amboy.   At that time there was a fireworks
display.   It is alleged that a defective aerial bomb, which ex-
ploded prematurely, caused the injuries to the plaintiff.   The
suit was to recover damages for such personal injuries.   The
trial of the case resulted in a verdict and judgment in favor
of the plaintiff for $3,500.

The defendant appealed and filed four grounds of appeal,
all of which may be considered under one head, viz., that
it was error for the trial court to refuse to nonsuit the
plaintiff.

The gravamen of the complaint is a charge of negligence.
The defendant in the answer denies that it was guilty of
negligence, that it violated no duty which it owed to the
plaintiff.   In the sixth defense the defendant says it has no

knowledge whether or not the plaintiff was viewing the fireworks display, there to be viewed, as part of the exercises in connection with the opening of the Victory Bridge to the use of the public by the State of New Jersey. The fireworks display was of types commonly used. It manufactured and supplied the fireworks used in the display. Its agents set them off. It denies that it was negligent.

The plaintiff testified that he was hit by a piece of metal when he was underneath the bridge. Joseph Mataka, a witness for the plaintiff, testified that he was under the same arch as the plaintiff, "the bombs was going in the air, and just at that bomb, why, one whizzes by us and first thing that man was down: I picked up the piece of steel. Right alongside of him. Just where they picked him up from."

A motion for a nonsuit was denied at the conclusion of the plaintiff's testimony, and an exception to such ruling noted.

Then Thomas Jardine, a witness on behalf of the defendant, testified that he was the secretary of the defendant company, the company had a contract to fire the display. He was present in front of the crowd.

"Q. What happened? Can you tell us what happened actually? A. Why, there was a terrific noise, kind of vibration, and no display of fireworks. Q. That is, the shell didn't go up in the air? A. Shell didn't go up in the air. Q. What did the shell do? A. Well, you couldn't see what it did. Q. Who was firing the shells? A. Mr. Trempy."

Roy R. Trempy testified he was the salesman of the defendant company. "Q. Did you fire the shell that exploded? A. I did. I had twenty-two mortars; twenty-seven six-inch shells, one of these exploded in the mortar. Q. Have you any doubt yourself that the shell exploded in the mortar? A. No. Q. You are satisfied that it did explode in the mortar? A. Yes, sir."

From this testimony, which is only a bare outline, it was open to the jury to find that either the construction of the shell was faulty or it was prematurely set off. The trial judge so charged the jury.

This testimony brings the principle of law to be applied, directly, within what this court said in a like case of a fire-

works display, in the case of *Sebeck* v. *Plattdeutsche Volkfest Verein,* 64 *N. J. L.* 624, 626; 124 *Fed. Rep.* 11. The accident in that case resulted from the premature explosion of the bomb while inside of the mortar, the premature explosion of the bomb in question resulted either from the carelessness in its construction or in setting it off. This can fairly be presumed in this case from the testimony. The same principle has been applied in other well-considered cases, thus— in the Court of Appeals of New York. *Crowley* v. *Rochester Fireworks Co.,* 183 *N. Y.* 353; 3 *L. R. A.* (*N. S.*) 330.

There may be negligence in the character of the fireworks used, as well as in the method of their discharge. So in the Supreme Court of Missouri. *Dowell* v. *Guthrie,* 99 *Mo.* 653, 664; 11 *R. C. L.* 688, § 43. Whether the failure to nonsuit the plaintiff at the close of the plaintiff's case, on the ground that there were no facts from which negligence may be presumed, or under the doctrine of *res ipsa loquitur,* as applied in such cases as *Conover* v. *Delaware, &c., Railroad Co.,* 92 *N. J. L.* 602, is unnecessary to decide, because the defendant's testimony, as cited above, supplied the requisite proof and made out a jury question, from which it was the province of the jury to say whether negligence ought to be inferred.

The evidence for the defendant cured the error, if there was error, in the trial court's refusal to nonsuit, and justified a submission of the case to the jury. *Van Ness* v. *North Jersey Street Railway Co.,* 77 *N. J. L.* 551.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   16.

*For reversal*—None.